UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
REESE BLAKENEY,                     )
                                    )
            Petitioner,             )
    v.                              )   Civil Action No. 11-1964 (JDB)
                                    )
SIMON T. WAINWRIGHT,                )
                                    )
            Respondent.             )
_____ )

## MEMORANDUM OPINION

This matter is before the Court on Reese Blakeney's petition for a writ of habeas corpus and the respondent's motion to dismiss the petition. For the reasons discussed below, the respondent's motion will be granted.

### I.  BACKGROUND

Since February 9, 1993, the petitioner has been under parole supervision.[1] *See* United States' Motion to Dismiss Petitioner's Petition for a Writ of Habeas Corpus ("Resp't's Mot."), Ex. E (Certificate of Parole dated December 11, 1992). In June 2011, the United States Parole Commission ("Commission") charged the petitioner with six violations of the conditions of his parole release: failing to complete successfully a drug treatment program (Charge No. 1), failing

---

[1]   In 1978, after the petitioner had been sentenced to a term of up to 10 years' imprisonment under the Federal Youth Corrections Act for armed robbery, he was sentenced in the Superior Court of the District of Columbia to a term of 15 years to life imprisonment on his conviction of second degree murder while armed and a concurrent term of one to three years' imprisonment for attempted robbery. *See* United States' Motion to Dismiss Petitioner's Petition for a Writ of Habeas Corpus, Ex. C (Memorandum to D.C. Board of Parole dated November 15, 1978). The Board of Parole granted the petitioner parole on the Youth Act sentence on December 11, 1978, at which time he began to serve the adult sentences. *See id.*, Ex. D (Certificate of Administrative Parole dated December 4, 1978).

to report to his parole officer as directed (Charge No. 2), possessing marijuana and drug paraphernalia (Charge No. 3), testing positive for marijuana use (Charge No. 4), driving under the influence of alcohol (Charge No. 5), and operating a motor vehicle after suspension of his driver's license (Charge No. 6).  *Id.*, Ex. G (Warrant Application dated September 23, 2011) at 2-3.[2]  The warrant was executed on June 23, 2011.  *Id.*, Ex. H (Warrant for Return of Prisoner Released to Supervision).

On May 7, 2011, the petitioner was convicted of possession of marijuana and possession of drug paraphernalia, and the Superior Court imposed a suspended sentence of 120 days' incarceration and concurrent nine-month terms of supervised probation.  Res't's Mot., Ex. G at 2.  In addition, the petitioner was convicted in the Superior Court of "Attempted Operating After Suspension," for which the Superior Court imposed a suspended sentence of 90 days' incarceration followed by an 18-month term of unsupervised probation.  *Id.*, Ex. G at 3.  Based on these convictions, the Commission dispensed with a hearing and found probable cause to believe that the petitioner had committed the three law violations, Charge Nos. 3, 5 and 6.  *See id.*, Ex. I (Probable Cause Worksheet – SRAA) at 1 & Ex. J (Letter to petitioner from O.M. Goldson, Case Services Assistant, U.S. Parole Commission, dated September 26, 2011) at 1.  The Commission then offered the following expedited parole revocation proposal:

> Revoke parole; None of the time spent on parole shall be credited.
> Parole effective on 06-29-12 after service of 12 months.

*Id.*, Ex. K (Expedited Revocation Proposal) at 4.  The petitioner accepted the proposal, and by his consent he is "accepting responsibility for [his] conduct, waiving [his] right to a revocation hearing, and waiving [his] right to appeal the decision."  *Id.*, Ex. O (Response to Expedited Revocation Proposal dated December 5, 2011).

---

[2]  This Warrant Application amends a prior application dated June 15, 2011.

## II.  DISCUSSION

By the time the petitioner filed his petition for habeas corpus, he had been in custody for over four months.  According to the petitioner, he was denied a prompt parole revocation hearing following his return to custody, and for this alleged violation of his Fifth Amendment right to due process, he demands his immediate release.  *See* Pet. at 5-6.

A delay in conducting a revocation hearing "is not itself a valid ground for immediate release," and instead a parolee's "remedy . . . is an action to compel a hearing."  *Hill v. Johnston*, 750 F. Supp. 2d 103, 105-06 (D.D.C. 2010); *see Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983) (finding that the appropriate remedy for a delayed parole revocation hearing "is a writ of *mandamus* to compel the [Commission's] compliance . . . not a writ of habeas corpus to compel release . . . or to extinguish the remainder of the sentence" (emphasis in original)).  Even if the delay were substantial, the petitioner would be entitled to habeas relief on this ground only if he could establish "actual prejudice" arising from the delay.  *See Sutherland*, 709 F.2d at 733 (denying habeas petition absent showing that a 33-month delay prejudiced the petitioner's defense at the hearing).  He cannot do so.

More importantly, the petitioner waived his right to a revocation hearing by accepting the Commission's expedited revocation proposal, and thus his claim is rendered moot.  *Hill*, 750 F. Supp. 2d at 106 ("[P]etitioner waived his right to a revocation hearing by accepting the expedited revocation proposal, rendering this action subject to dismissal as moot."); *West v. Gonzales*,  No. 2:06-cv-0336, 2007 WL 1188002, at *1 (N.D. Tex. Apr. 23, 2007) (dismissing as moot a habeas petition challenging validity of Commission's detainer warrant where petitioner accepted expedited revocation proposal and thus waived revocation hearing and accepted the

Commission's revocation decision); *Ogburn v. U.S. Parole Comm'n,* No. 06CV00192, 2006 WL 1933363, at *2 (W.D. Va. July 13, 2006) (finding that, although ten months in custody without receiving a revocation hearing violated 28 C.F.R. § 2.101(e) and "was likely unreasonable . . . [his] claim was rendered moot by his acceptance of the expedited revocation proposal"); *Caldwell v. U.S. Parole Comm'n*, No. 03-cv-9116, 2005 WL 1153726, at *3 (S.D.N.Y. Apr. 13, 2005) (Magistrate Report and Recommendation concluding that petitioner's argument that he was denied a revocation hearing was moot when he accepted an expedited revocation agreement requiring him to waive the hearing and accept responsibility for a federal parole violation).

### III.  CONCLUSION

Although the Commission failed to conduct a timely revocation hearing, the petitioner's acceptance of the expedited revocation proposal rendered his claim moot.  Accordingly, the Court will deny the habeas petition and dismiss this action.  An Order accompanies this Memorandum Opinion.

DATE:  December 23, 2011            JOHN D. BATES
                                    United States District Judge